UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALEX SAVCHUK,                                          Case No.  07-10886

        Plaintiff,

v.                                                     District Judge Paul V.  Gadola
                                                       Magistrate Judge R.  Steven Whalen
EDWARD LOMSEN, M.D. and HAROLD
KOPITSKI, M.D.,


        Defendants.

_____/


**REPORT AND RECOMMENDATION**


     Before the Court is *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and

(b)(6) by Defendants Edward Lamsen, M.D., and Harold Kopitzski, D.O., [Docket #20] filed

January 31, 2008, which has been referred for Report and Recommendation pursuant to 28

U.S.C. § 636(b)(1)(B).[1]  For the reasons set forth below, I recommend the following: 1.)

Civil rights claims against Defendants pursuant to 42 U.S.C. §1983 in both their official and

personal capacities should be DISMISSED WITH PREJUDICE.   2.) The Court should

decline supplemental jurisdiction over Plaintiff's state law medical malpractice claim,

dismissing this claim WITHOUT PREJUDICE.

---

    [1]Defendants' actual names and titles (compare to caption).

# I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, proceeding *pro se*, filed the instant action on February 28, 2007, alleging civil rights violations. Plaintiff, confined to Reuther Psychiatric Hospital for over two years, alleges that hospital staff deprived him of sleep; gave him inadequate meal portions; tampered with his mail, legal papers, and laundry, and deprived him of his six-month periodic review before the Wayne County Circuit Court.

Plaintiff, alleging chronic insomnia, claims that his treating psychiatrist, Defendant Lamsen, has repeatedly refused to prescribe effective medication, but instead, gave him "the same useless football shaped white pills," or an equally ineffective alternative medication. *Complaint* at 2. Plaintiff also alleges that he receives only meager portions of food and that on at least one occasion, hospital staff neglected to bring him a tray during regular meal hours, requiring him to wait between one and two hours to eat lunch. He claims that on one occasion, the late-arriving meal included "stale bread, half portions, and no yogurt (sic) or dessert (sic)." *Id.* at 4. Plaintiff, 6', alleges that in his two years at the hospital his weight has dropped from 215 to 166 pounds. *Id.* He assigns blame for unsatisfactory food service to both Defendants, claiming that they "have been playing 'dirty tricks'" on him. *Id.* at 2.

Plaintiff also alleges that he does not receive needed pain killers for back, neck, upper chest, and shoulder pain. *Id.* at 3. He claims that he experienced an "ultrasonic Sound induced heart attack," depriving him of a six-month periodic review before the Wayne

County Circuit Court and also requiring the use of a pacemaker. *Id*. at 4. He also alleges

that his legal papers have been stolen "out of the mail box," as well as "out of his locker."

*Id*. at 4. Plaintiff requests monetary damages of $250,000,000.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject

matter jurisdiction. A complaint must set forth a basis to conclude that subject matter

jurisdiction exists. In this regard, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." The

complaint must "contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory," and bare assertions of legal

conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436

(6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are

mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A

court "should not have to guess at the nature of the claim asserted." *Id*.

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a

complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*

*v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-

37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."

Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level. . .on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire*

*Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a

complaint must "state a claim to relief that is *plausible* on its face." *Twombly*, at 1974

(emphasis added).

## III.    ANALYSIS

### A.  11th Amendment Immunity

Defendants contend that insofar as the claims are made against them in their official

capacity as state agents, the action is barred by the Eleventh Amendment. *Defendants' Brief,*

*Docket #20* at 7.

Generally, claims against defendants in their official capacities, *i.e*, in their capacity

as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis of the

immunity granted by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police,* 491

U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).   However, "immunity does not apply

if the lawsuit is filed against a state official for purely injunctive relief enjoining the official

from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte*

*Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908).    Because here,

Plaintiff seeks only monetary damages, claims against Defendants in their official capacity

should be dismissed.

### B.  Personal Capacity Claims

Plaintiff's claims of substandard medical care, inadequate food, staff disturbances

creating sleeplessness, tampering with his mail, legal papers, and laundry, and the

deprivation of his six-month periodic review are analyzed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined to a psychiatric hospital operated by the Michigan Department of Community Health, thus requiring consideration of his substantive due process rights under the Fourteenth Amendment. *Terrance v. Northville Regional Psychiatric Hosp*., 286 F.3d 834, 842 (6th Cir. 2002).

### 1.  Medical Care

Plaintiff's claim that his treating psychiatrist, Defendant Lamsen, failed to prescribe medication to alleviate his chronic insomnia is analyzed as an Eighth Amendment claim of deliberate indifference.  Plaintiff, confined to a mental institution, is "similarly situated to a prisoner with regard to the Eighth Amendment right to medical care." *Id.* at 842-843. Under the Eighth and Fourteenth Amendments, prison and jail officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

Plaintiff's allegation that Defendant Lamsen failed to adequately treat his chronic insomnia states at most a claim of medical malpractice. The allegations regarding Dr. Lamsen's are stated as follows:

> "I have complained (uselessly as expected) to the unit shrink []M.D., Dr. Lamsen many times and he repeatedly has refused to give me the drug that has worked for me in the past when I had insomnia in Marquette Prison years ago. Instead he has given me the same useless football shaped white pills, either 1 or 2 a night[.] [W]hen I tell him they don't work he switches me to the other of the pill/pills . . . and then as usual, still no sleep."

*Complaint* at 2. Although Plaintiff disputes the adequacy of Dr. Lamsen's treatment, this allegation fails to state a claim of deliberate indifference. The Complaint itself acknowledges that Dr. Lamsen not only addressed his condition, but prescribed not one, but two medications designed to alleviate insomnia. The fact that Plaintiff disputes Dr. Lamsen's

medical judgment is not sufficient to sustain a §1983 claim. *Westlake v. Lucas*, 537 F.2d at 860, n.5. Although Plaintiff further alleges that he was denied pain medication for various body aches, he does not claim that Dr. Lamsen, his treating psychiatrist, withheld such treatment. Likewise, Plaintiff does not allege that Dr. Lamsen was among the various staff deliberately interrupting his sleep

Moreover, the Complaint's failure to explain how and if Defendant Kopitzki, Chief Treating physician of Plaintiff's Hospital Unit, was involved in his insomnia treatment, intentionally disturbed his sleep, or denied him other necessary medical care mandates dismissal of the Fourteenth Amendment claims against him. The Complaint's additional allegation that Plaintiff was denied pain medication for back, neck, shoulder, and upper chest pains or that Plaintiff now requires a pacemaker omits any reference whatsoever to Dr. Kopitzki. In the absence of any allegation that Kopitzki either refused Plaintiff necessary medical treatment or was instrumental in the denial of care, these claims should be dismissed.

### 2. The Remaining Claims

The Complaint's remaining reference to Defendants Lamsen and Kopitzki is the allegation that they "have been playing 'dirty tricks' *again* with what little occasional (sic) food I do get." *Complaint* at 2(emphasis in original). Plaintiff alleges that "the portions of food on my breakfast tray have been as small as possible and still called a breakfast." *Id.*

Although he attributes food service irregularities to "dirty tricks" by Defendants, he does not allege how or whether either physician (apparently not charged with preparing or delivering

his food) was responsible for the poor quality of his meal service. Plaintiff also fails to explain how either Defendant was responsible for the mishandling of his laundry.

Plaintiff's allegations that his legal papers and mail were stolen and that hospital staff members somehow deliberately acted to deprive him of a six-month periodical review by the Wayne County Circuit Court admittedly state claims of First Amendment violations. *Sallier v. Brooks,* 343 F. 3d 868 (6th Cir. 2003). However, again, Plaintiff's failure to state any factual nexus whatsoever between these alleged constitutional violations and actions by the present Defendants is fatal to these claims.

Defendants have requested dismissal on the basis of qualified immunity. In the absence of any allegation that Plaintiff's constitutional rights were violated by Defendants, they are also entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Higgason v. Stephens*, 288 F.3d 868, 876-877 (6th Cir. 2002). Under *Saucier*, the threshold question is whether a constitutional violation occurred. If it did not, a state officer acting in the course of his official duties is protected by qualified immunity.[2]

## C. State Malpractice Claims

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state claim of medical malpractice. I agree. "'[W]hen all federal claims are

---

[2]Because Defendants are immune from suit in their personal capacities, dismissal is also appropriate under 28 U.S.C. 1915(e)(2)(B)(iii).

eliminated before trial, the balance of factors will point toward declining to exercise [supplemental] jurisdiction.'" *Musson Theatrical, Inc. v. Federal Exp. Corp*., 89 F.3d 1244, 1255 (6ᵗʰ Cir. 1996)(*citing Taylor v. First of America Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992)(internal citations omitted). Accordingly, Plaintiff's state claims should be denied without prejudice.

## IV. CONCLUSION

For these  reasons, I recommend the following: 1.) Claims against Defendants pursuant to 42 U.S.C. §1983 in both their official and personal capacities should be DISMISSED WITH PREJUDICE.  2.) The Court should decline supplemental jurisdiction over Plaintiff's state law medical malpractice claim, dismissing this claim WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6ᵗʰ Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6ᵗʰ Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6ᵗʰ Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6ᵗʰ Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 6, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 6, 2008.

S/G. Wilson
Judicial Assistant